**Sanjay CHANDA, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–40901–AG.**

United States Court of Appeals,
Second Circuit.

April 17, 2006.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

David A. Bowen, New York, New York, for Petitioner.

Michelle G. Tapken, Acting United States Attorney for the District of South Dakota, Cheryl Schrempp Dupris, Assistant United States Attorney, Pierre, South Dakota, for Respondent.

PRESENT: WALKER, Jr., Chief Judge, POOLER, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Sanjay Chanda, through counsel, petitions for review of the October 2003 decision of the BIA denying his motion to reopen his removal proceedings. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). However, when the denial rests on an inappropriate standard, or the misapplication of law to undisputed facts, this Court may review the BIA's legal conclusions *de novo. Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003). Chanda's petition for review was timely only as to the BIA's October 2003 denial of his motion to reopen. Therefore, we must confine our review to the denial of the motion, and we cannot pass on the merits of Chanda's underlying claim for relief. *See Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 90 (2d Cir.2001).

Here, it is undisputed that Chanda was a Hindu and an opponent of the Bangladesh Nationalist Party ("BNP"), who was the victim of several religion-based hate crimes, which the police failed to prosecute, in the 1990s. The IJ denied his asylum application, finding that he failed to establish that the harm he faced amounted to persecution or that the authorities would be unwilling or unable to protect him, considering that his own party was in power. Chanda's motion to reopen was premised on changed country conditions; specifically, he alleged that after the resurgence of the BNP and several radical Islamic parties in October 2001, violence against religious minorities and government complicity had increased.

The BIA applied too stringent a standard regarding Chanda's subjective fear of persecution, by requiring him to prove a link between the individuals who victimized him in 1990 and those who might harm him today. He was only required to prove that his persecutors were, or would be, motivated by a protected ground. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 544–45 (2d Cir.2005). Because both Chanda and his mother alleged in their statements that he had been beaten, and continued to be threatened, by Muslims because he was a Hindu, he met this requirement. The BIA erred in failing to explain why this information could not help him establish a subjective fear.

An asylum applicant may establish the objective component of a well-founded fear of persecution either by showing he would be singled out, or by showing a pattern or practice of persecution against members of his own race, religion, nation-

ality, membership in a particular social group or political opinion. 8 C.F.R. § 1208.13(b)(2)(iii)(A)-(B). Chanda submitted articles and an affidavit from an expert in South Asian studies, indicating that since the October 2001 election, Islamic extremists had increased their harassment and attacks on religious minorities, and that rather than restrain the extremists, the pro-Islamic government was welcoming foreign radicals into the country. This evidence could reasonably be seen as demonstrating a pattern or practice of increased persecution against Hindus in Bangladesh, yet the BIA found that Chanda failed to establish a prima facie case of well-founded fear, simply because he failed to demonstrate that he would be singled out for persecution. This conclusion, which rests on an incomplete statement of the law, is vacated.

Finally, we emphasize that in a motion to reopen, an alien need not prove that he will ultimately prevail in his claim. He need only prove that he has a reasonable chance of success on the merits; in an asylum claim, this requirement amounts to proving only a realistic chance that he will be able to establish eligibility for asylum. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987); *Poradisova v. Gonzales*, 420 F.3d 70, 82 (2d Cir.2005). Because the BIA erred in finding that Chanda failed to meet that burden, we vacate the BIA's order and remand for further proceedings. Because the BIA did not address Chanda's withholding or CAT claims in its decision, we recommend that it do so on remand. We further recommend that on remand, the BIA consider Chanda's claim in light of the most recent country condition reports.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consis-

tent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).